UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.:

Michael S. Neff
and other similarly situated individuals,

      Plaintiff (s),

v.

Integrity Home Solutions Services, LLC

      Defendant,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Come now the Plaintiff Michael S. Neff and other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendant Integrity Home Solutions Services, LLC, and allege:

### Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid minimum, and overtime wages, under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. At all times material hereto Plaintiff Michael S. Neff is a resident of St. Petersburg, Pinellas County, Florida, within the jurisdiction of this Honorable Court.   Plaintiff is a covered employee for purposes of the Act.

3. Defendant Integrity Home Solutions Services, LLC (hereinafter Integrity Home Solutions) is a Florida corporation, having its main place of business in Pinellas County, Florida, where Plaintiff worked. Defendant was and is engaged in interstate commerce.

4. Defendant Integrity Home Solutions was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint took place in Pinellas County Florida, within the jurisdiction of this Court.

<u>General Allegations</u>

6. This cause of action is brought by Plaintiff Michael S. Neff as a collective action to recover from Defendant regular and overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or

after November 2022, (the "material time") without being adequately compensated.

7. Corporate Defendant Integrity Home Solutions is a maintenance company providing electrical, air conditioning, and plumbing repair services. Defendant operates a shop and warehouse located at 1661 Commerce Ave. North, St. Petersburg, Florida 33610,  where Plaintiff worked.

8. The employer Integrity Home Solutions was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a repair and maintenance company. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services and/or goods to customers from throughout the United States. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies.  Therefore, there is FLSA enterprise coverage.

9. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiffs and other employees similarly situated regularly and recurrently participated in interstate commerce, Plaintiffs handled and worked on goods and materials and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

10. Defendant Integrity Home Solutions employed Plaintiff Michael S. Neff from approximately November 21, 2022, through April 21, 2023, or more than 21 weeks.

11. Plaintiff was hired as a plumber to make plumbing repairs at customers' residences or businesses.

12. During his time of employment with Defendant, Plaintiff had a mandatory, regular schedule, Plaintiff worked five days per week, from Monday to Friday. Plaintiff drove a Company van.

13. Every day Plaintiff had to show up at the shop at 10:30 AM to pick up his work orders and load the van with the necessary equipment and material to perform his work.  Plaintiff left the shop around 11:00 AM and he drove to his first job assignment, usually one hour far away. Usually, Plaintiff made an estimate about the cost of the repair and if the customer agreed with the price, Plaintiff made the work immediately. Then Plaintiff drove to his next

job site.  Plaintiff finished his work orders, and he drove back to the shop around 9:30 to leave the company van.

14. Thus, Plaintiff worked from Monday to Friday from 10:30 AM to 9:30 PM (11 hours daily) or 55 hours weekly. Plaintiff did not take bonafide lunch hours.  Plaintiff was not allowed to clock in and out at the shop.

15. Plaintiff was paid on a "commissions only" payment plan, with an established commission settlement period of 1 week.

16. Defendant set a fixed "commission" over Plaintiff's billed jobs. Plaintiff did not have other compensation besides his commissions.

17. Plaintiff worked a minimum of 55 hours weekly, he was paid entirely by commissions, and he was not paid for overtime hours.

18. Plaintiff was promised that he would be earning $660.00 or more per week or $16.50 an hour x 40 hours of work. If Plaintiff's commissions did not reach $660.00 for 40 working hours, Defendant would be paying the difference.

19. Nevertheless, Plaintiff never reached 40 working hours, due to Defendant's wrongful practice of counting as hours worked only the time spent at the job site.  Defendant did not count as hours worked the time Plaintiff spent at the shop picking his work orders up and loading the van, traveling time to and returning from the workplace, and time spent from job site to job site

during the day. Traveling was part of Plaintiff's principal activity and must be counted as hours worked.

20. As a result of Defendant's practice, Plaintiff was paid around $453.39, or approximately 27.5 hours weekly.

21. Plaintiff's total earned commissions attributed to the pay period (1 week) divided by the 55 hours worked ($453.39:55 hours worked=$8.24 an hour), did not exceed one-half times the applicable minimum wage for every hour worked in a workweek ($11.00 x 1.5=$16.50 an hour).

22. As a result, the conditions of the exemption have not been met, and Section 7(i) exemption is not applicable. The Plaintiff must be paid at least minimum wages for every hour worked and overtime premium for all hours worked over 40 in a workweek, at the overtime rate of time and one-half his regular rate of pay. Plaintiff is owed overtime wages for all his time of employment.

23. In addition, Plaintiff earned commissions for an average of $453.39 weekly, which divided by the 55 hours worked every week resulted in a regular rate of $8.24 an hour, well below the required minimum wage of $11.00 an hour for 2023.

24. Defendants failed to pay Plaintiff a minimum of 12.5 regular hours every week (hours before 40).

25. Regardless of Defendant's payment plan arrangements, Plaintiff was not an outside sales employee. Plaintiff's primary duty was non-exempted, plumbing work. Plaintiff performed work involving repetitive operations, manual work, physical skills, and energy. Plaintiff was entitled to be paid at least time and one-half the minimum wage rate for all hours worked in a week period, as required by the Fair Labor Standard Act.

26. Defendant did not maintain an accurate time-keeping method for Plaintiff, but it was able to monitor the hours worked by Plaintiff and other similarly situated individuals. Defendant did not keep accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid.

27. Therefore, Defendant willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). Defendant also willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

28. Plaintiff was paid weekly by direct deposits and paystubs that did not show the number of hours worked, the percentage of commissions paid, etc.

29. On or about April 21, Plaintiff was forced to leave his employment with Defendant due to its unfair payment practices.

30. Plaintiff is not in possession of time and payment records. However, Plaintiff will provide a good-faith preliminary Statement of Claim. Plaintiff will amend his Statement of Claim, after proper discovery.

31. Plaintiff Michael S. Neff seeks to recover overtime and minimum wages for the relevant period, liquidated damages, and any other relief as allowable by law.

32. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid minimum and/or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

<u>Collective Action Allegations</u>

33. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

34. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated

individuals the proper compensation for every regular and overtime hour worked at the rate of time and one-half their regular rate.

35. This action is intended to include every electrician, plumber, air conditioning technician, maintenance employee, and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

<u>**COUNT I:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**</u>
<u>**FAILURE TO PAY OVERTIME**</u>

36. Plaintiff Michael S. Neff re-adopts every factual allegation as stated in paragraphs 1-34 above as if set out in full herein.

37. This action is brought by Plaintiff Michael S. Neff and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

38. Defendant Integrity Home Solutions employed Plaintiff Michael S. Neff from approximately November 21, 2022, through April 21, 2023, or more than 21 weeks.

39. Plaintiff was hired as a plumber to make plumbing repairs at customers' residences or businesses.

40. During his time of employment with Defendant, Plaintiff had a mandatory, regular schedule, Plaintiff worked five days per week, from Monday to Friday. Plaintiff drove a Company van.

41. Every day Plaintiff had to show up at the shop at 10:30 AM to pick up his work orders and to load the van with the necessary equipment and material to perform his work. After completing his workday, Plaintiff returned to the shop at 9:30 to leave the company van.

42. Thus, Plaintiff worked from Monday to Friday from 10:30 AM to 9:30 PM (11 hours daily) or 55 hours weekly. Plaintiff did not take bonafide lunch hours. Plaintiff was not allowed to clock in and out at the shop, as other employees.

43. Plaintiff was paid on a "commissions only" payment plan, with an established commission settlement period of 1 week.

44. Defendant set a fixed "commission" over Plaintiff's billed jobs. Plaintiff did not have other compensation besides his commissions.

45. Plaintiff worked a minimum of 55 hours weekly, he was paid entirely by commissions, and he was not paid for overtime hours.

46. Plaintiff was promised that he would be earning $660.00 or more per week or $16.50 an hour x 40 hours of work. If Plaintiff's commissions did not reach $660.00 for 40 working hours, Defendant would be paying the difference.

47. Nevertheless, Plaintiff never reached 40 working hours, due to Defendant's wrongful practice of counting as hours worked only the time spent at the workplace.  Defendant did not count as hours worked the time Plaintiff spent at the shop picking his work orders up and loading the van, traveling time to and returning from the workplace, and time spent traveling from job site to job site during the day. Traveling was part of Plaintiff's principal activity and must be counted as hours worked.

48. As a result of Defendant's practice, Plaintiff was paid around $453.39, or for approximately 27.5 hours weekly.

49. Plaintiff's total earned commissions attributed to the pay period (1 week) divided by the 55 hours worked ($453.39:55 hours worked=$8.24 an hour), did not exceed one-half times the applicable minimum wage for every hour worked in a workweek ($11.00 x 1.5=$16.50 an hour).

50. As a result, the conditions of the exemption have not been met, and Section 7(i) exemption is not applicable. The Plaintiff must be paid an overtime

premium for all hours worked over 40 in a workweek, at the overtime rate of time and one-half his regular rate of pay. Plaintiff is owed overtime wages for all his time of employment.

51. Regardless of Defendant's payment plan arrangements, Plaintiff was not an outside sales employee.  Plaintiff's primary duty was non-exempted plumbing work.  Plaintiff performed work involving repetitive operations, manual work, physical skills, and energy. Plaintiff was entitled to be paid at least time and one-half the minimum wage rate for all hours worked in a week, as required by the Fair Labor Standard Act.

52. Defendant did not maintain an accurate time-keeping method for Plaintiff, but it was able to monitor the hours worked by Plaintiff and other similarly situated individuals. Defendant did not keep accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid.

53. Therefore, Defendant willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

54. Plaintiff was paid weekly by direct deposits and paystubs that did not show the number of hours worked, the percentage of commissions paid, etc.

55. On or about April 21, 2023, Plaintiff was forced to leave his employment with Defendant due to its unfair payment practices.

56. The records, if any, concerning the number of hours, worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. Nevertheless, upon information and belief, Defendant did not allow Plaintiff to clock in and out and did not maintain accurate records.

57. Defendant did not keep accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

58. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

59. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

   *Please note that this amount is based on a preliminary calculation and These figures could be subject to modification as discovery could dictate.

   a. <u>Total amount of alleged unpaid wages:</u>

Seven Thousand Seven Hundred Ninety-Six Dollars and 25/100 ($7,796.25)

b. <u>Calculation of such wages</u>:

Total period of employment: 21 weeks
Total relevant weeks: 21 weeks
Total Number of hours worked: 55 hours weekly
Total number of unpaid O/T hours: 15 hours weekly
Regular rate: $16.50 x 1.5=$24.75
O/T rate: $24.75 an hour

$24.75 x 15 O/T hours=$371.25 weekly x 21 weeks=$7,796.25

c. <u>Nature of wages (e.g. overtime or straight time)</u>:

This amount represents unpaid overtime wages.[1]

60. At all times, material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

61. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves his rights to amend the calculations.

these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

62. Defendant Integrity Home Solutions, willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

63. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Michael S. Neff and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Michael S. Neff and other similarly situated individuals and against Defendant Integrity Home Solutions based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Michael S. Neff actual damages in the amount shown to

be due for unpaid overtime compensation for hours worked in excess of

forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated

damages; and

D.  Award Plaintiff reasonable attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just

and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Michael S. Neff demands a trial by a jury of all issues triable as of right by

a jury.

## <u>COUNT II:</u>
## <u>F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:</u>
## <u>FAILURE TO PAY MINIMUM WAGE</u>

64. Plaintiff Michael S. Neff re-adopts every factual allegation as stated in

paragraphs 1-34 of this complaint as if set out in full herein.

65. This action is brought by the Plaintiff to recover from the Employer unpaid

minimum wages, as well as an additional amount as liquidated damages,

costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201

et seq., and specifically under the provisions of 29 U.S.C. §206.  U.S.C. §206

states "Every employer shall pay to each of his employees who in any

workweek is engaged in commerce or in the production of goods for

commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

 (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

     (C) $7.25 an hour, beginning 24 months after that 60th day.

66. Defendant Integrity Home Solutions employed Plaintiff Michael S. Neff from approximately November 21, 2022, through April 21, 2023, or more than 21 weeks.

67. Plaintiff was hired as a plumber to make plumbing repairs at customers' residences or businesses.

68. During his time of employment with Defendant, Plaintiff had a mandatory, regular schedule, Plaintiff worked five days per week, from Monday to Friday. Plaintiff drove a Company van.

69. Every day Plaintiff had to show up at the shop at 10:30 AM to pick up his work orders and load the van with the necessary equipment and material to perform his work.  Plaintiff left the shop around 11:00 AM.  Plaintiff finished his work, and he drove back to the shop around 9:30 to leave the company van.

70. Thus, Plaintiff worked from Monday to Friday from 10:30 AM to 9:30 PM (11 hours daily) or 55 hours weekly. Plaintiff did not take bonafide lunch hours. Plaintiff was not allowed to clock in and out at the shop, as other employees.

71. During his employment with Defendant Plaintiff was paid on a "commissions only" payment plan, with an established commission settlement period of 1 week.

72. Defendant set a fixed "commission" over Plaintiff's billed jobs. Plaintiff did not receive other compensation besides his commissions.

73. Plaintiff worked a minimum of 55 hours weekly, he was paid entirely by commissions, and he was not paid any regular rate or minimum wages.

74. Plaintiff was promised that he would be earning $660.00 or more per week or $16.50 an hour x 40 hours of work. If Plaintiff's commissions did not reach $660.00 for 40 working hours, Defendant would be paying the difference.

75. Nevertheless, Plaintiff never reached 40 working hours, due to Defendant's wrongful practice of counting as hours worked only the time spent at the workplace. Defendant did not count as hours worked the time Plaintiff spent at the shop picking his work orders up and loading the van, traveling time to and returning from the workplace, and time spent from job site to

job site during the day. Traveling was part of Plaintiff's principal activity and must be counted as hours worked.

76. As a result of Defendant's practice, Plaintiff was paid around $453.39, or for approximately 27.5 hours weekly.

77. Plaintiff's total earned commissions attributed to the pay period (1 week) divided by the 55 hours worked ($453.39:55 hours worked=$8.24 an hour), did not exceed one-half times the applicable minimum wage for every hour worked in a workweek ($11.00 x 1.5=$16.50 an hour).

78. As a result, the conditions of the exemption have not been met, and Section 7(i) exemption is not applicable. The Plaintiff must be paid at least the minimum wage for every hour worked.

79. Plaintiff earned commissions for an average of  $453.39 weekly, which divided by the 55 hours worked every week resulted in a regular rate of $8.24 an hour, well below the required minimum wage of $11.00 an hour for 2023.

80. In addition, Defendant paid Plaintiff for an average of 27.5 hours weekly. Defendant failed to pay Plaintiff for at least 12.5 regular hours (hours before 40) every week.

81. There is a substantial number of hours that were not compensated at the minimum wage rate as established by the FLSA.

82. Defendant did not maintain any time-keeping method, but they were able to monitor the hours worked by Plaintiff and other similarly situated individuals.

83. Therefore, Defendant willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

84. Plaintiff was paid weekly by direct deposits and with paystubs that did not show the number of hours worked, the percentage of commissions paid, etc.

85. On or about April 21, 2023, Plaintiff was forced to leave his employment with Defendant due to its unfair payment practices.

86. The records, if any, concerning the number of hours worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated individuals.

87. Defendant did not keep accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

88. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform

employees of their Federal rights to overtime and minimum wage payments.

89. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

90.  Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that this amount is based on a preliminary calculation and that these
 figures could be subject to modification as discovery could dictate.
 Florida's minimum wage is higher than the federal minimum wage.
 As per FLSA regulations, the higher minimum wage applies.

   a.  <u>Total amount of alleged unpaid wages:</u>

      Four Thousand Four Hundred Eight-One Dollars and 40/100 ($4,481.40)

   b.  <u>Calculation of such wages:</u>

      Total time of employment: 21 weeks
      Total relevant weeks:  21 weeks
      Total hours worked: 55 hours per week
      Total number of hours paid: 27.5 hours per week
      Total number of  unpaid regular hours: 12.5 regular hours
      Florida minimum wage 2022-2023: $11.00 an hour

   1.- Minimum wages for 12.5 unpaid regular hours (before 40 hours)

     $11.00 x 12.5=$137.50 weekly x 21 weeks= $2,887.50

   2.- Minimum wage difference for 27.5 hours paid at $8.24 21 weeks
     Fl min. wage $11.00- $8.24 rate paid=$2.76 difference

     Difference $2.76 x 27.5 hours=$75.90 weekly x 21 weeks=$1,593.90

Total #1 and #2: $4,481.40

c.  Nature of wages:

This amount represents unpaid minimum wages at the Florida rate.[2]

91. Defendant unlawfully failed to pay minimum wages to Plaintiff.

92. Defendant knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act.

93. Defendant Integrity Home Solutions willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remains owing Plaintiff these minimum wages as set forth above.

94. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Michael S. Neff respectfully requests that this Honorable Court:

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves his right to amend the calculations.

A. Enter judgment for Plaintiff Michael S. Neff and against Defendant Integrity Home Solutions, based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Michael S. Neff and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

Dated: May 23, 2023

Respectfully submitted,


By: **_/s/ Zandro E. Palma_____**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:      (305) 446-1500

Facsimile:        (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*